# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LIEUTENANT COLONEL RONALD M.
BIENIAS,

   Plaintiff,

 v.

MICHAEL B. DONLEY,
SECRETARY OF THE AIR FORCE,

   Defendant.

No. 12 C 6226

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Lieutenant Colonel Ronald M. Bienias brings this action against the Secretary of the Air Force, Michael B. Donley (the "Secretary"), seeking judicial review of a decision by the Air Force Board for Correction of Military Records (the "Correction Board") to deny Bienias's request for reconsideration of his application for correction of his military records. R. 1. The Secretary originally filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 9. The Court denied the Secretary's motion to dismiss but gave the Secretary leave to file a motion for summary judgment once the administrative record was filed with the Court. R. 23. The administrative record was filed on August 29, 2013, R. 27, and the Secretary moved for summary judgment on August 30, 2013. R. 28. For the following reasons, the Secretary's motion, R. 28, is granted, and Bienias's case is dismissed.

## Background

Bienias began serving with the United States Air Force Reserves (the "Air Force") in June 1968. R. 1 ¶ 12. In 1989, Bienias was promoted to the grade of Lieutenant Colonel. *Id.* ¶ 13. In 1993, Bienias was considered for promotion to Colonel, but the Colonel Overall Vacancy Selection Board (the "Selection Board") decided not to promote him. R. 27-2 at 14-15 (AR 013-14). The Selection Board again declined to promote Bienias in 1994 and 1995. *Id.* On January 31, 1995, Bienias was involuntarily placed in the Retired Reserve. *Id.* at 15 (AR 014).

In June 1996, Bienias asked the Correction Board to amend his Officer Selection Briefs—the records considered by the Selection Board in deciding whether to promote Bienias in 1993, 1994, and 1995—to correct numerous errors and omissions. *Id.* at 18 (AR 017). Bienias also requested that he be directly promoted to the grade of Colonel. *Id.* at 2 (AR 001).

Members of the Air Force may seek "correction" of their "records" by appeal to the Correction Board. *See* 32 C.F.R. § 865.0 ("This subpart sets up procedures for correction of military records to remedy error or injustice. It tells how to apply for correction of military records and how the Air Force Board for Correction of Military Records . . . considers applications."). "The applicant," for correction of Air Force military records, "has the burden of providing sufficient evidence of material error or injustice." 32 C.F.R. § 865.4(a). The Correction Board determines "[w]hether the applicant has demonstrated the existence of a material error or injustice that can be remedied effectively through correction of the applicant's military record and, if so,

what corrections are needed to provide full and effective relief." 32 C.F.R. § 865.4(h)(4). Additionally, "[t]he [Correction] Board may reconsider an application if the applicant submits newly discovered relevant evidence that was not reasonably available when the application was previously considered." 32 C.F.R. § 865.6(a). "If the request contains new evidence, . . . [it will be] refer[ed] to a panel of the [Correction] Board for a decision. The [Correction] Board will decide the relevance and weight of any new evidence . . . ." 32 C.F.R. § 865.6(b).

In December 1996, in response to Bienias's request, the Correction Board admitted that there were numerous errors within Bienias's records and decided that Bienias's amended records should be considered by a Special Review Board with respect to the promotion denials. R. 27-2 at 12-17 (AR 011-16). The Correction Board instructed the Special Review Board to evaluate Bienias's records and determine whether the Selection Board would have recommended Bienias for a promotion if the Selection Board had considered Bienias's amended and corrected Officer Selection Briefs. *Id*. The Special Review Board ultimately decided that the amended and corrected Officer Selection Briefs did not merit promoting Bienias. *Id.* at 32 (AR 031), 2 (AR 001).

In March of 1998, Bienias petitioned the Correction Board to reconsider the Special Review Board's decision, arguing that it did not comply with the regulations. R. 27-2 at 33-63; R. 27-3 at 1-54 (AR 032-117). On October 22, 1999, the Correction Board issued a First Addendum to Record of Proceedings, denying Bienias's application for reconsideration, and finding that Bienias did not present

3

evidence that "demonstrated the existence of probable material error or injustice." R. 27-2 at 6-11 (AR 005-10).

In October 2005, Bienias contacted the Correction Board regarding new evidence he believed supported reconsideration of the SRB's decision not to promote him. R. 27-6 at 28-36 (AR 283-91). Bienias submitted the following evidence to the Correction Board: (1) statements from senior officers who believed that Beinias should have been promoted, R. 27-6 at 37-41 (AR 292-96); and (2) the personnel file of Colonel Robert F. Raub, *see id.* at 34 (AR 289); *see also* R. 1-1 at 3-24. Bienias argued that the statements he provided were from officers with "vast promotion board experience," and who were "personally familiar with [Bienias's] career accomplishments." R. 27-6 at 30 (AR 285). Bienias stated that he submitted Colonel Raub's record to show that his qualifications were equal to or better than Colonel Raub's. *Id.* at 34-35 (AR 289-90). Besides the new evidence he submitted, Bienias also argued that his request for reconsideration should not be negatively affected by the 21 months during which he was inactive because he had continually searched for a new position in the Air Force during that time period. *Id.* at 31-32 (AR 286-87).

By letter dated February 17, 2006, the Correction Board denied Bienias's request for reconsideration. R. 27-6 at 46 (AR 301). In explaining the denial, the Correction Board stated that it grants reconsideration only "where newly discovered relevant evidence is presented which was not reasonably available when the application was submitted." *Id*. The Correction Board continued that "reiteration of facts previously addressed by the Board, uncorroborated personal observations, or

4

additional arguments on the evidence of record are not adequate grounds for reopening a case." *Id.* "Accordingly, the [Correction] Board denied [Beinias's] request for reconsideration of [his] case." *Id.*

Bienias requested reconsideration again on June 20, 2006, arguing that the Correction Board rejected his previous request for reconsideration "without consideration." *Id.* at 47-49 (AR 302-04). Bienias contended that there were "exceptional circumstances" in this case that warranted direct promotion that the Correction Board failed to consider. *Id.* Bienias, however, did not specifically identify the "exceptional circumstances." Bienias also argued that Raub's personnel record should be considered new evidence as Raub attested that "he did not, and would not, share his personal information with [Bienias] while still on active duty." *Id.* at 48 (AR 303).

In response, on August 9, 2006, the Correction Board issued a Second Addendum to Record of Proceedings. R. 27-2 at 2-5 (AR 001-04). The Correction Board "considered" the evidence Bienias had submitted, *id.* at 5 (AR 004), and concluded that the letters provided were "essentially opinion and speculation," which did not demonstrate that "the promotion boards would, or should, have promoted the applicant when he was originally considered." *Id.* at 4 (AR 003). The Correction Board determined that Beinias failed to submit evidence sufficient "to sustain his burden of [showing that he] suffered either an error or an injustice." *Id.* at 4-5 (AR 003-04). The Correction Board "found no compelling basis to recommend granting any relief beyond that already afforded [to Beinias]." *Id.* at 5 (AR 004). On

5

August 7, 2012, Bienias filed his complaint in this Court seeking judicial review of the Correction Board's August 2006 decision pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*. R. 1.

## Analysis

The Secretary argues that Bienias's complaint should be dismissed because it is time barred. R. 29 at 4-6. In the alternative, the Secretary argues that the Court should grant summary judgment in his favor on Bienias's complaint because the Correction Board's denial of Bienias's request for reconsideration was not arbitrary or capricious. *Id.* at 6-11. The Secretary further argues that Bienias has failed to state a claim and that his claim is nonjusticiable. *Id.* at 6; *see also* R. 10 at 6-12.

### I. Statute of Limitations

#### A. Applicable Law

Civil actions against the United States that are filed six years after the right of action first accrues are time barred. 28 U.S.C. § 2401(a). This six-year statute of limitation applies to APA claims, including military discharge decisions. *See Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers*, 191 F.3d 845, 853 (7th Cir. 1999) ("There is a general six-year statute of limitations for civil actions against the United States found in 28 U.S.C. § 2401(a), which applies to lawsuits brought pursuant to the APA."); *Soble v. Army Bd. of Correction of Military Records*, 151 F.3d 1033, 1998 WL 516770, at *2 (7th Cir. July 30, 1998) (the six-year statute of limitations provided in 28 U.S.C. § 2401 "applies to claims alleging error in military discharge decisions").

Under the APA, a right of action accrues at the "final agency action." 5 U.S.C. § 704. The Secretary argues that the Correction Board's decision on February 17, 2006 should be considered the final agency action while Bienias contends that the Correction Board's August 9, 2006 Second Addendum is the final agency action. Since Bienias filed his complaint on August 7, 2012, the parties' dispute regarding the "final agency action" is dispositive of whether this action is timely.

When an administrative agency "reopens a proceeding for any reason and, after reconsideration, issues a new and final order setting forth the rights and obligations of the parties, that order—even if it merely reaffirms the rights and obligations set forth in the original order—is reviewable on its merits." *I.C.C. v. Bhd. of Locomotive Engineers*, 482 U.S. 270, 278 (1987) (hereinafter, "*BLE*"); *see also Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) ("As a general matter, two conditions must be satisfied for agency action to be 'final': First, the action must mark the consummation of the agency's decisionmaking process . . . . And second, the action must be one by which rights or obligations have been determined, or from which 'legal consequences will flow.") (internal quotations and citations omitted). Thus, the Supreme Court has held that under the APA, the "timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review," such that the statute of limitations is tolled during the "pendency of reconsideration." *Stone v. I.N.S.*, 514 U.S. 386, 392 (1995) (citing *BLE*, 482 U.S. at 284-85). A subsequent request for reconsideration, however, can only toll the statute of limitations "[i]f the petition that was denied sought reopening on the basis of new

7

evidence or changed circumstances." *BLE*, 482 U.S. at 284; *see also Green v. White*, 319 F.3d 560, 566 (3d Cir. 2003) ("[A]ny petition for rehearing to the [Correction Board] which does not include 'new evidence' or reflect some 'changed circumstances' does not re-start the six-year statute of limitations. If, however, the [Correction Board] re-opens a proceeding and rules upon a petition that does contain such new evidence, such a ruling will constitute a final agency action and will re-start the six-year time limit."); *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997) ("If for any reason the agency reopens a matter and, after reconsideration, issues a new and final order, that order is reviewable on its merits, even though the agency merely reaffirms its original decision."); *cf. Soble*, 1998 WL 516770, at *2 (holding that the statute of limitations was not tolled by the plaintiff's request for reconsideration, when the district court had noted that the plaintiff "submitted no relevant, previously unavailable evidence," *see Soble v. Army Bd. of Correction of Military Records*, 1998 WL 60771, at *2 (N.D. Ill. Feb. 5, 1998)).[1]

---

[1] The Sixth Circuit rejects this method of applying the statute of limitations to cases under the APA, because "[w]hether a request [for reconsideration] contains new facts or law may be a complex question for the Board to decide and does not serve as a clear criterion for tolling." *Davis v. United States*, 589 F.3d 861, 864 (6th Cir. 2009). The Sixth Circuit, however, did not address the Supreme Court precedent discussed above in reaching this decision. Further, habeas corpus review serves as an analogy to demonstrate that the Sixth Circuit's concern is of no moment. Tolling of the statute of limitations for habeas relief requires the petitioner to have "properly filed" an application for postconviction relief. 28 U.S.C. § 2244(d)(2). But "proper" filing often requires leave from the state appellate court, and the time it takes to seek leave from the appellate court will not toll the statute of limitations if the appellate court denies leave. The Supreme Court has held that this does not prejudice habeas petitioners because a "prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state

### B. Bienias's Case Is Not Time Barred

Bienias argues, of course, that the Second Addendum to Record of Proceedings the Correction Board issued on August 9, 2006, demonstrates that the Correction Board reopened Bienias's case and therefore the statute of limitations should run from August 9, 2006. The Secretary argues that the August 9, 2006 decision "was simply a response to a repetitive filing," R. 33 at 3, and that the Correction Board "did not clearly demonstrate it was reopening proceedings and, regardless, had no new evidence before it." *Id.* at 4.

The Secretary's argument ignores the obvious and significant differences between the letter the Correction Board sent to Bienias on February 17, 2006, denying his request for reconsideration, and the Second Addendum to the Record of Proceedings the Correction Board issued on August 9, 2006. The February 17 letter addressed the statements from senior officers and Raub's personnel file, which had not previously been part of the record in Beinias's case. The February 17 letter states that the Correction Board "concluded that the submission did not meet the criteria for reconsideration." R. 27-6 at 46 (AR 301). The Correction Board noted that only "newly discovered relevant evidence . . . which was not reasonably available when the application was submitted" is a sufficient basis for reconsideration. *Id.* Since the statements from the senior officers and Raub's personnel file were certainly "new" as this evidence was not previously in the

---

remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The same strategy should enable members of the military who seek review of discharge and promotion actions to comply with the statute of limitations without risk.

record, the Correction Board apparently determined that his evidence was either not "relevant" or was "reasonably available" when Bienias's application was originally submitted. The Correction Board did not specify why it concluded that reconsideration was not warranted.

On August 9, 2006, however, the Correction Board issue a Second Addendum to the Record of Proceedings that closely examined the new evidence Bienias presented. Unlike the February 17 letter, which stated that the evidence "did not meet the criteria for reconsideration," the August 9 Second Addendum noted that the Correction Board had "considered" the evidence Bienias submitted. R. 27-2 at 5 (AR 004). Further, the Correction Board moved past the threshold question of whether Bienias's application merited reconsideration, and evaluated the evidence Bienias submitted under the standard for "Board actions." 32 C.F.R. § 865.4(a). In doing so, the Correction Board and found that Bienias had "failed to sustain his burden of having suffered either an error or an injustice." R. 27-2 at 4-5 (AR 003-04).

Moreover, the Correction Board did not simply send Bienias a letter, as it did on February 17, but instead issued a document titled "Second Addendum to Record of Proceedings," R. 27-2 at 2 (AR 1), which plainly indicates that the Correction Board was adding to the record of proceedings in Bienias's case. There is no reason to add to the record of proceedings unless the Correction Board found that Bienias had added additional evidence to the record the Correction Board was required to consider. The fact that the Correction Board decided to issue a Second Addendum,

10

in addition to the Second Addendum's particular reasoning and language in the Second Addendum, demonstrate that the Correction Board "reopened" Bienias's case in order to consider the "new evidence" he has submitted. Since the Correction Board "reopened" Bienias's case to consider new evidence, Bienias's action to appeal that decisions accrued on August 9, 2006, and the statute of limitations began to run that day. Thus, Bienias's case is not time barred because he filed his action in this Court within six years of August 9, 2006.

## II. Substantive Review of the Second Addendum

### A. Applicable Law

Typically, cases arising under the APA are resolved by summary judgment solely on the basis of the administrative record. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744-45 (1985). "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking. . . . [C]ourts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." *Id*. at 744. Under the APA, a federal district court may set aside an executive agency action if the action is found to be either arbitrary or capricious. 5 U.S.C. § 706(2)(A); *see F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). This "narrow" standard of review require district courts to ensure that an "agency examine[s] the relevant data and articulate[s] a satisfactory explanation for its action." *Fox Television*, 556 U.S. at 513 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). District courts may not "substitute [their]

judgment for that of the agency, and should uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Fox Television*, at 513-14. In essence, the reasons by which the agency acted "must inform [both] the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based." *Bagdonas v. Dep't of Treasury*, 93 F.3d 422, 426 (7th Cir. 1996). Courts, however, "have traditionally deferred to the superior experience of the military in matters of duty orders, promotions, demotions, and retentions," *Knutson v. Wis. Air Nat'l Guard*, 995 F.2d 765, 771 (7th Cir. 1993), and the "military is entitled to substantial deference in the governance of its affairs." *Antonellis v. United States*, 723 F.3d 1328, 1332 (Fed. Cir. 2013) (citing *Orloff v. Willoughby*, 345 U.S. 83, 93 (1953) ("[J]udges are not given the task of running the Army.")).

### B. The Second Addendum Is Not Arbitrary and Capricious

Bienias argues that the Correction Board "failed to examine the evidence [he] submitted," and "failed to articulate a rational connection between the facts and its decision that the evidence presented did not demonstrate the existence of material error or injustice." R. 31 at 14. This is an inaccurate description of the Second Addendum. The Correction Board noted that "two retired brigadier generals, and a retired colonel . . . indicated they were in [Bienias's] chain of command and endorsed his direct promotion based on their experience sitting on promotion boards, [and] [Beinias's] superiority to his competitors." R. 27-2 at 3 (AR 002). The Correction Board also noted that "a retired major general who was the adjutant

12

general of the Michigan Air National Guard . . . also endorsed the applicant's promotion." *Id.* The Correction Board acknowledged that these statements "contend [that Bienias's] superior record warranted promotion to the grade of colonel over other selectees with supposedly inferior records," but found that "[t]hese arguments are essentially opinion and speculation." *Id.* at 4 (AR 003). The Correction Board found that this additional evidence was not sufficiently "persuasive" to show that "the original promotion board(s) would have selected the applicant had his circumstances been different." *Id.* Contrary to Bienias's argument, the Second Addendum shows that the Correction Board considered the evidence he submitted and determined that it was insufficient to change the outcome of his promotion denial. Applying the deference due military promotion decisions, the Court cannot say this decision was arbitrary or capricious. Notably, other courts have held that military correction boards acted reasonably when they decided not to reconsider promotion decisions on the basis of newly submitted recommendation letters. *See Grieg v. Unites States*, 640 F.2d 1261, 1267 (Ct. Cl. 1981) (recommendations from The Army Electronics Command, another officer, and testimony of plaintiff's wife and subordinate friend); *Paskert v. United States*, 20 Cl. Ct. 65, 69 (1990) (statements from "civilian instructors and other enlisted personnel were lavish in their praise of the plaintiff").

Bienias cites *Kreis v. Secretary of Air Force*, 406 F.3d 684 (D.C. Cir. 2005), to argue that it is arbitrary and capricious to deny reconsideration in the face of a petitioner proffering new recommendation letters from military officials. R. 31 at

13

15. But in *Kreis*, the Correction Board refused to consider the declarations at all. 406 F.3d at 686-87. Here, the Correction Board *did* consider the personal observations put forward by Bienias and explained why the evidence was insufficient. Although Bienias may disagree with the Correction Board's findings, the mere fact that there is reasonable ground to disagree does not in turn mean the decision was arbitrary or capricious. *See Snell v. United States*, 168 Ct. Cl. 219, 227 (1964) ("[T]he fact that there is reasonable ground for disagreement with the Secretary's determination does not mean that the determination was arbitrary or capricious."). Therefore, summary judgment in the Secretary's favor is warranted because the Correction Board's decision was not arbitrary and capricious.[2]

---

[2] The Secretary also argues that because Bienias asks the Court to direct the Correction Board to compare his application with Colonel Raub's—a remedy the Secretary argues the law does not require—Bienias has failed to state a claim, and if he has stated a claim, it is not justiciable. Even if this remedy is not required by law, this does not mean that Bienias has failed to state a claim. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("even if . . . [Plaintiff] is seeking relief to which he is not entitled, this would not justify dismissal of the suit," because the prayer for relief "is not itself a part of the plaintiff's claim, [and therefore] failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)"). Furthermore, there is no dispute that the Court has the power to consider whether the Correction Board followed proper procedures and return Beinias's application to the Correction Board if further consideration is required. The Secretary does not argue that such a request is not a justiciable claim. Thus, the Court will not dismiss Bienias's case for failure to state a claim or because his claim is not justiciable.

**Conclusion**

For the foregoing reasons, the Secretary's motion for summary judgment, R. 28, is granted, and Bienias's case is dismissed.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 30, 2014